UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 3:04-cr-00106-LRH-RAM |
| v. | ORDER |
| RODNEY LANDINGHAM, | |
| Defendant. | |

Before the court is petitioner Rodney Landingham's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 49. The court finds that federal bank robbery is categorically a crime of violence under the "force clause" under 18 U.S.C. § 924(c). In turn, even if section 924(c)'s "residual clause" is void for vagueness—a question the court does not reach—Landingham is not entitled to relief. The court will therefore deny his motion but will grant him a certificate of appealability.

**I.  Background**

   **A.  Landingham's conviction**

On April 12, 2007, Landingham pled guilty to two counts of armed federal bank robbery under 18 U.S.C. § 2113(a) and (d) and one count of use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). ECF Nos. 38–39. On July 23, 2007, this court sentenced Landingham to a total term of 171 months of imprisonment. ECF Nos. 44–45.

---

[1] Because the content of Landingham's motion conclusively shows that he is not entitled to relief, the court has not ordered the United States to respond. *See* 28 U.S.C. § 2255(b).

Pursuant to this district's Amended General Order on April 27, 2016, Landingham filed an "abridged" motion to vacate in order to toll the statute of limitations under section 2255. ECF No. 48. He subsequently filed a timely full motion to vacate, set aside, or correct his sentence. ECF No. 49.

### B. *Johnson v. United States* and subsequent challenges

Landingham filed his section 2255 motion in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). There, the U.S. Supreme Court ruled that a portion of the Armed Career Criminal Act's ("ACCA") violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness").[2] *Johnson*, 135 S. Ct. at 2557. The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255. *See, e.g.*, *United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667 (D. Nev. Jan. 3, 2017).

Moreover, *Johnson* also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines ("U.S.S.G.") that incorporate a "crime-of-violence" definition that includes a residual clause similar or identical to the ACCA's. One such case relevant to this motion is *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). There, the Ninth Circuit addressed a challenge to the residual clause found in 18 U.S.C. § 16(b), which is similar but not identical to the ACCA's residual clause. *Dimaya*, 803 F.3d at 1111–12. The court ultimately held that section 16(b)'s clause was also void for vagueness. *Id*. at 1119.

Last year, the U.S. Supreme Court granted certiorari in *Dimaya* and heard arguments in early 2017. *Lynch v. Dimaya*, 137 S. Ct. 31 (2016). However, instead of issuing a decision, the Court set the case for re-argument for its next term.

///

---

[2] The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Normally, a defendant convicted of unlawful possession of a firearm may be sentenced to a statutory maximum of 10-years of imprisonment. *Id*. § 924(a)(2). However, if a defendant has three prior convictions that constitute either a "violent felony" or "serious drug offense," the ACCA enhances the 10-year maximum sentence to a 15-year minimum sentence. *Id*. § 924(e)(1).

As the instant motion demonstrates, *Johnson* and *Dimaya* have also led to challenges to the residual clause found in 18 U.S.C. § 924(c), which is nearly identical to the section 16(b) residual clause that the Ninth Circuit held void for vagueness in *Dimaya*. While a challenge to section 924(c) is currently before the Ninth Circuit, the court has deferred ruling on the issue until the Supreme Court decides *Dimaya*. *United States v. Begay*, No. 14-10080, ECF No. 87 (9th Cir. 2017); *see also United States v. Begay*, 2016 WL 1383556 (9th Cir. 2016).

## II.  Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b).

Section 2255 creates a one-year statute of limitations. *Id*. § 2255(f). When a petitioner seeks relief pursuant to a right recognized by a U.S. Supreme Court decision, the statute of limitations runs from "the date on which the right asserted was initially recognized by the . . . Court, if that right has been . . . made retroactively applicable to cases on collateral review . . . ." *Id*. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief. *Ramos-Martinez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011).

## III.  Discussion

Under 18 U.S.C. § 924(c)(1)(A), it is a felony to use or carry a firearm "during and in relation to any crime of violence . . . ." This statute therefore creates an offense separately punishable from another concurrently-charged offense that the indictment alleges is a crime of violence. Section 924(c) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

3

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause in this definition is commonly referred to as either the "force clause" or "elements clause," while the second clause is the aforementioned residual clause. Because the definition is worded disjunctively, a felony need only categorically match[3] one of the two clauses in order to constitute a crime of violence and thus satisfy that element under section 924(c)(1)(A).

Here, one of Landingham's convictions for armed federal bank robbery served as the crime of violence for his section 924(c) conviction. *See* ECF No. 1 at 1. A person commits federal bank robbery when he, "by force and violence, or *by intimidation*, takes . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a) (emphasis added). The offense entails a statutory maximum sentence of 20 years of imprisonment. *Id*.

If, however, a defendant, in committing a bank robbery, "assaults any person, *or* puts in jeopardy the life of any person by the use of a dangerous weapon or device," the maximum sentence is increased to 25 years. *Id*. § 2113(d) (emphasis added). This enhancement applied to the instant case, as Landingham was charged with and pled guilty to committing a federal bank robbery in which he "threaten[ed] [the victim] by brandishing a handgun . . . ." ECF No. 1 at 1; *see also* ECF No. 45 at 1.

Landingham now challenges his section 924(c) conviction under section 2255, arguing that bank robbery can no longer be considered a crime of violence under modern authority. He

---

[3] Courts apply the "categorical approach" in determining whether an offense constitutes a crime of violence under section 924(c). *See United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006). Under the categorical approach, a court may only "compare the *elements* of the statute forming the basis of the defendant's [prior] conviction [or concurrently-charged offense] with the elements of" a crime of violence. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (emphasis added); *see also United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). Therefore, a court may not examine "[h]ow a given defendant actually perpetrated the crime— what [the Supreme Court has] referred to as the 'underlying brute facts or means' of commission . . . ." *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (citation omitted).

first contends that the court may not apply the statute's residual clause because it is void for vagueness in light of the U.S. Supreme Court's decision in *Johnson* and the Ninth Circuit's decision in *Dimaya*. He further argues that bank robbery is not a categorical match for the force clause because it may be committed (1) through reckless and thus unintentional conduct and (2) through the use of nominal (i.e., less-than-violent) force. Finally, Landingham asserts the enhancement for the use of a dangerous weapon that applied to his case does not transform bank robbery into a crime of violence.

Landingham's claim for relief is dependent on his argument that section 924(c)'s residual clause is void for vagueness. It is that premise that would allow Landingham to collaterally attack his sentence under section 2255. However, this court need not reach this question because, even if the *residual* clause is void, this court has already held that federal bank robbery satisfies the *force* clause under 924(c) and is therefore a crime of violence.[4] *United States v. Wesley*, No. 3:16-CR-00024-LRH-VPC, 2017 WL 1050587 (D. Nev. Mar. 20, 2017). And because Landingham has not raised any arguments that the court did not previously address, it will apply its holding in *Wesley* to this case and deny his motion.

Nonetheless, the court will provide an overview of why federal bank robbery satisfies the force clause. The court will also address the partially unique issue raised in this motion by the application of the enhancement under 18 U.S.C. § 2113(d).

**A.     Ninth Circuit precedent forecloses Landingham's claim for relief**

As in *Wesley*, Landingham's primary argument is that federal bank robbery does not comport with the force clause because it may be committed through intimidation. He contends that a defendant may therefore commit the crime without the actual or threatened use of violent force. ECF No. 49 at 14–16.

Landingham, however, has failed to address *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). There, the Ninth Circuit "held that the . . . federal bank robbery statute, which may be

---

[4] The court also recently rejected nearly identical arguments in determining that the "analogous" crime of Hobbs Act robbery satisfies section 924(c)'s force clause and is therefore a crime of violence. *United States v. Mendoza*, No. 2:16-CR-00324-LRH-GWF, 2017 WL 2200912 (D. Nev. May 19, 2017).

5

violated by 'force and violence, or by *intimidation*,' qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of 'crime of violence' as § 924(c)." *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (citing *Selfa*, 918 F.2d at 751) (emphasis in original) (internal citation and footnote omitted). And while other petitioners have argued that subsequent authority has effectively overruled *Selfa*, this court has rejected that contention. *Wesley*, 2017 WL 1050587, at *3–4 (rejecting this *implicit* argument in regards to bank robbery); *United States v. Mendoza*, No. 2:16-CR-00324-LRH-GWF, 2017 WL 2200912, at *8 (D. Nev. May 19, 2017) (rejecting this *explicit* argument in regards to Hobbs Act robbery). *Selfa* is therefore binding on this court.

### B. Federal bank robbery requires *intentional* conduct

Moreover, the court finds that there is no merit to Landingham's argument that a defendant may commit federal bank robbery through reckless, unintentional conduct.[5] Citing *United States v. Foppe*, he contends that the intimidation element "is satisfied under the bank robbery statute regardless of whether the defendant specifically intended to intimidate." ECF No. 49 at 15 (citing 993 F.3d 1444, 1451 (9th Cir. 1993)). However, the *Foppe* court merely held that federal bank robbery "is a general intent crime, not a specific intent crime[,]" in response to the defendant's argument that he never intended to intimidate the bank teller that he approached. *Foppe*, 993 F.3d at 1451.

In previously rejecting this argument in the context of Hobbs Act robbery, this court relied in part on the thorough analysis conducted by another district court in *United States v. Pena*, 161 F. Supp. 3d 268 (S.D.N.Y. 2016). There, the court rejected the same argument by relying upon a Supreme Court case that specified that federal bank robbery "is a general intent crime whose *mens rea* requirement is satisfied only if the 'defendant possessed knowledge with

---

[5] This point is relevant to finding that federal bank robbery is a crime of violence because, in order to satisfy the force clause, the use of force [required by a statute] must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (citing *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010)). Because this requirement was recognized only several years after *Selfa*, the contention that bank robbery may be committed unintentionally is often asserted in support of the argument that *Selfa* has been effectively overruled. *See, e.g.*, *Mendoza*, 2017 WL 2200912, at *4–5.

6

respect to the *actus reus* of the crime ([i.e.,] the taking of property of another by force and violence or intimidation).'" *Pena*, 161 F. Supp. 3d at 283 (quoting *Carter v. United States,* 530 U.S. 255, 268 (2000)).

"In other words, a defendant charged with bank robbery . . . must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another." *Id*. Thus, "if a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance." *Id*. "Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear[,]" which "does not mean that the bank robbery was accomplished through 'negligent or merely accidental conduct.'" *Id*. (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)).

This court remains convinced by this reasoning and finds that federal bank robbery satisfies the force clause and is therefore a crime of violence regardless of whether the statute's residual clause is void for vagueness.

**C.** ***Armed* bank robbery is also a crime of violence**

Finally, Landingham argues that the enhancement under section 2113(d) for committing bank robbery by assaulting a person or placing another person's life in jeopardy by use of a dangerous weapon does not transform the base offense into a crime of violence. The court need not reach this question in this case because it has already found that bank robbery under section 2113(a) is a crime of violence. Nonetheless, the court will address this issue for the sake of thoroughness.

Landingham first argues that a defendant may trigger the enhancement without the use of "violent force."[6] ECF No. 49 at 18. He contends that a defendant could violate section 2113(d) by using or threatening to use poison or a hazardous chemical, which he argues would not

---

[6] In *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson 2010*"), the Supreme Court specified that the term "physical force" under the ACCA's force clause "means *violent* force—that is, force capable of causing physical pain or injury to another person." Thus, crimes that can be committed through the use of *nominal* force do *not* satisfy the ACCA's force clause. *See, e.g.*, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016). This court and many others have also extended the violent-force requirement to section 924(c)'s force clause. *See* Mendoza, 2017 WL 2200912, at *4 n.5.

7

constitute violent force under the holdings in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005).

This argument is without merit, as many courts have recognized that the reasoning in both cases has been critically undermined by the Supreme Court's holding in *United States v. Castleman*, 134 S. Ct. 1405 (2014). *See, e.g., United States v. Taylor*, 206 F. Supp. 3d 1148, 1165 (E.D. Va. 2016) (citing cases); *Pikyavit v. United States*, No. 2:06-CR-407-PGC, 2017 WL 1288559, at *7 (D. Utah Apr. 6, 2017). There, in the context of a domestic-violence statute, the Court rejected the argument that the use of poison would not entail "the use or attempted use of physical force." *Castleman*, 134 S. Ct. at 1407. It reasoned that "[t]he 'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly *as a device to cause physical harm*. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id*. at 1415 (emphasis added). Therefore, Landingham has failed to demonstrate a realistic probability that a defendant can satisfy section 2113(d) without the use of violent force. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (requiring "a realistic probability, not a theoretical possibility," that a statute would apply to conduct *not* encompassed by the crime-of-violence definition).

Landingham also argues that section 2113(d) does not require an *intent* to threaten or use violent force. ECF No. 49 at 19. He contends that a defendant can trigger the enhancement by merely brandishing the firearm without an intent to intimidate another person. However, this argument merely recycles Landingham's contention that intimidation may result from reckless conduct. The court therefore similarly rejects this argument, as brandishing a firearm in the context of a robbery is objectively intimidating and committed with the intent to depose a bank of the property in its care and custody.

Accordingly, it is clear that committing armed bank robbery under section 2113(d) is a crime of violence.

///

///

///

8

### D. Certificate of appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

Because this section 2255 motion involves questions of law that are partially unsettled and are currently being addressed by higher courts, this court will issue a certificate of appealability.

## IV. Conclusion

IT IS THEREFORE ORDERED that petitioner Rodney Landingham's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49) is **DENIED**.

IT IS FURTHER ORDERED that Landingham's abridged motion to vacate, set aside, or correct his sentence (ECF No. 48) is **DENIED**.

IT IS FURTHER ORDERED that Landingham is **GRANTED** a certificate of appealability.

IT IS SO ORDERED.

DATED this 12th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE